# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| PAN-AMERICAN TELEPHONE CO. INC., ) | |
| AND ) | |
| JOSEPH RAYMOND MOLINA YOUNG ) | **Case No.:** |
| VS ) | |
| ) | |
| ) | |
| THE MUNICIPALITY OF SAN JUAN, AND ) | |
| JORGE SANTINI, IN HIS OFFICIAL ) | **CLASS ACTION COMPLAINT** |
| CAPACITY AS MAYOR  and ) | **SEEKING DAMAGES** |
| PHONEWORKS, INC., and ) | **EQUITABLE AND INJUNTIVE** |
| Does A-Z ) | **RELIEF** |
| ( | **Demand for jury trial** |
| _____/ | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs' sues defendants in chancery of this court. In support the plaintiffs state[s] and pray[s] as follows:

### GENERAL ALEGATIONS

1. Plaintiff Pan-American Telephone, Inc [hereinafter, Pan-American] is a corporation organized under the laws of Puerto Rico, and is in the business of installing, operating, and maintaining public telephones.

2. Plaintiff Pan-American participated in the bid "Subasta no. 2003/110" and was the most responsive bidder.

1

3. Telefonos Publicos de Puerto Rico (TPRR) was a company controlled by Carlos Romero Barceló and his son Andres Romero, which merged into defendant Phoneworks, Inc. [Phoneworks] as a company controlled by Carlos Romero Barceló, Andres Romero and Ronald E. Massie, a convicted drug trafficker felon (Case 94-cr-81254-HWG-1 U.S. District Court Eastern District of Michigan (Detroit). Mr. Massie also pled guilty to fraud in case 00-cr-00440-TCP-1 U.S. District Court for the Eastern District of Michigan (Detroit) and at the time of this filing, is awaiting sentencing.  TPRR and Phoneworks maintain a monopoly over approximately 68 municipalities in Puerto Rico. On information and belief, all facts related to the defendants' schemes of overcharging consumers is relevant to all 68 municipalities and public telephone services which Phoneworks operates in Puerto Rico.

4. Under the present statutory scheme, a convicted felon [Ronald E. Massie] is unable to operate and participate in federal communication and is barred by federal and state law to have a participation in federal and state communications. TPPR, Phoneworks and or their agents, have filed tariff statements in compliance with the State Telecommunication Board attesting that services under the public phone service, the tariff charged would be $3.75 per operator assisted call [local calls], under the franchise contract with the Municipality of San Juan the agreement has been to charge $4.00 per operator assisted connection. No such tariff has been filed or approved by any state regulatory agency and as evidenced by Exhibit A, attached hereto. The defendants are indeed charging the consumer extraordinary sums in excess of the stipulated franchise contract. Similarly, defendants have not disclose the excessive charges to prospective consumers who may use the public telephone. Defendants gained access to the public telephone franchise by way of political influence and Belinda Romero's consulting contracts with the Municipality as legal and administrative consultant.

5.  The Municipality of San Juan awarded the franchise to the company controlled by Carlos Romero Barceló, his son Andres Romero, convicted felon Roland E. Massie based on false promises that defendant, TPRR and Phoneworks as successor in interest, would pay

sums of monies, which they never intended to pay during the life of the franchise, and did not have a basis in fact or business purpose, other than to support a false basis to award to Carlos Romero Barceló, his son and their convicted felon business associates, because of his connections with the PNP party, close political associates who had hired Ms. Belinda Romero as an administrative and legal consultant to defendant Mayor Jorge Santini Padilla.

6. On June 24-26 Carlos Romero Barceló, Andres Romero, and Ronald E Massie reported to be associates with an address 606 E. Magrill Street, Longview, TX 75601. Defendant Phoneworks Inc. is a corporation organized under the laws of the State of Delaware, its principals are Andres Romero, Ronald E. Massie and Carlos Romero Barceló.

7. Plaintiff Joseph Raymond Molina is a citizen of the municipality of San Juan, who has used the public phones operated by defendants, and has been defrauded in violation of the Clayton Act, and its sister Act the Sherman Act by -inter alia- being overcharged in a systemic scheme to defraud the consumer over and above those authorized by the Puerto Rico Telecommunications Act, and the franchise contract rate of $4.00 per operator assisted calls. In fact, "Exhibit A" demonstrates a pattern and scheme to defraud the consumer by charging $25.76 (a sum equal to $22.01 over the authorized tariff rate, and over $21.76 over the franchise rate). Plaintiff Joseph Raymond Molina has been injured in *business or property* interest and pursuant to 15 U.S.C. § 15 "the Clayton Act" brings this action in his name and for all those persons, consumers that have been injured by defendants monopolization of the public telephone system in the municipality of San Juan, Puerto Rico.

8. Plaintiff Molina bring this cause of action in his name and as class representative of the consumers who have been injured by the acts of the defendants and violations of the Clayton Act 15 U.S.C. § 15 et seq.

9. Plaintiff PAN-AMERICAN TELEPHONE CO. INC., is corporation organized under the laws of Puerto Rico, and has been injured in business and property by the defendants

conspiracy and blatant violation of the Clayton Act 15 U.S.C. § 15 et seq. Section 4 and 16 provide for  "[a]ny person, firm, corporation, or association shall be entitled to sue for and have injunctive relief.  . . against threatened loss or damage by a violation of the antitrust laws. . . when and under the same conditions and principles as injunctive relief against threatened conduct that will cause loss or damage is granted by courts of equity. " 15 U.S.C. § 26.

10. Section 4 of the Clayton Act, 15 U.S.C. § 15, which would provide the consumer class with its damage remedy, reads:  Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee.

11. Section 4 of the Clayton Act states that "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States . . . [and] shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee," 15 U.S.C. § 15, while Section 16 states that "[a]ny person, firm, corporation, or association shall be entitled to sue for and have injunctive relief.  . . against threatened loss or damage by a violation of the antitrust laws. . . when and under the same conditions and principles as injunctive relief against threatened conduct that will cause loss or damage is granted by courts of equity. . . ." 15 U.S.C. § 26. By its express terms, Section 4 contemplates a monetary award to plaintiffs who have already sustained actual damages, while Section 16 permits a plaintiff to obtain an injunction prior to sustaining actual injury by demonstrating that the defendant's anticipated violation of the antitrust laws threatens to cause injury to the plaintiff if consummated. This feature of Section 16, permitting equitable relief prior to the occurrence of actual injury, was expressly noted in the legislative history of Section 16 as an intended benefit of the legislation.

12. Defendant Municipality of San Juan, a municipal corporation organized under the laws of Puerto Rico, provided a franchise for public telephone service in the municipality in violation of the Clayton Act  15 U.S.C. § 15 et seq., and the Sherman Act 15 U.S.C.S. § 1. Section 1 of the Sherman Act, 15 U.S.C.S. § 1, which makes unlawful every contract, combination or conspiracy, in restraint of trade or commerce among the several states. And § 2, 15 U.S.C.S. § 2, makes it unlawful to monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several states including Puerto Rico as a territory of the United States.

13. Defendant Jorge Santini is the Mayor responsible for the operations and administrative function of the city. Defendant is a close political associate of Carlos Romero Barceló [former Mayor of San Juan, former resident commissioner, former governor of Puerto Rico] and his associates. Belinda Romero is an administrative consultant to the Mayor and is the daughter of Carlos Romero Barceló, sister of Andre Romero. Through approval of the municipality, the defendant Mayor, in an effort to assist his longtime political allies, has violated the Clayton Act  15 U.S.C. § 15 et seq., the Sherman Act 15 U.S.C.S. § 1 by providing a franchise for public phone service in the municipality of San Juan. The approval, while apparent award, was not an award itself but a pattern and scheme to violate the Clayton Act by providing close political associates with a monopoly of the phone service in San Juan, Puerto Rico.

14. Defendant Does A-Z are fictitious parties who may have collected sums in excess of the tariff rates and contract rates.

**JURISDICTION AND VENUE**

15. The court has original jurisdiction based on Federal question 28 U.S.C. § 1331; The Clayton Act as codified  15 U.S.C. § 15, The Sherman Act 15 U.S.C.S. § 1.

5

16.  Venue lies in this district, as the facts and occurrences took place in the District of Puerto Rico; All acts events occurred in the Commonweath of Puerto Rico.

### I        Numerosity and Definition of the Class

17.  Plaintiff Joseph Raymond Molina brings this class action in behalf of himself and the following classes:[1]

All parties who have used the public telephone service within the Municipality of San Juan. The Class consists of 100,000 persons who may have made over 584,000 calls using the operator assistant calls, the exact number being unknown and unascertainable; therefore, the Class is so numerous that joinder of all members is impracticable.

### II.        Commonality

18.  This cause of action is predicated on violations of Clayton Act, The Sherman Act.  At all times material hereto the plaintiff petitioners allege and reaffirm that they are members of a class of persons that have been subject to violations of the Clayton Act and have been injured in business and property as a result of defendants' monopolization of the public telephone service in San Juan, Puerto Rico.

### III.        Typicality

19. The claims of the Plaintiffs are typical of the claims of the Class members they represent as they seek essentially the same relief, namely damages in business and property resulting form the defendants' monopolization of the public telephone service in San Juan, Puerto Rico.

---

[1] The class definition may be modified by the Court based on discovery or other factors that can surface throughout the course of the litigation.

## IV.   <u>Adequacy of Representation</u>

20.  Plaintiff Joseph Raymond Molina is a plaintiff representative of citizen and consumers that have been injured in business and property as a result of the violation of the Clayton Act, the Sherman Act and monopolization of the public telephone service in San Juan, Puerto Rico.

## V.   <u>Plaintiffs Meet the Requirements of Rule 23(b)(1)(A)</u>

21. This action is maintainable under Rule 23(b)(1)(A), <u>Fed.R.Civ.P.</u>, because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.

## VI.   <u>Plaintiffs Meet the Requirements of Rule 23(b)(3)</u>

22.  Certification is also appropriate under Rule 23(b)(3), <u>Fed.R.Civ.P.</u>, because:

A.   Common issues predominate where the exact same issues will apply uniformly to each class member seeking injunctive relief; and

B.   A class action is superior because individual class members have no practical interest or ability to bring this action for damages.

In particular, there are numerous questions of law and/or fact that are common to the claims of the Plaintiffs and the members of the Class.   Among these common questions of law and/or fact are the following:

A.   whether the class members have no adequate remedy at law;

B.   whether class members are subject to injury in business and property, i.e., whether said relationship the defendants monopolization of the public telephone service in the Municipality of San Juan Puerto Rico has caused them overcharge over the stipulated amount of $3.37 dollars for operator assisted calls within Puerto Rico and for overcharge over the $4.00 for operator assisted call outside of Puerto Rico.

7

C.      whether injunctive relief is appropriate and in the public interest;

D.      whether equity supports the relief requested in the instant issues.

The class action is the superior method of adjudication of this controversy as joinder is impracticable and the case is manageable and can be tried with class wide proof for all members of the Class.

Certification is also appropriate under Rule 23(b)(3), Fed.R.Civ.P., because:

C.      Common issues predominate where the exact same issues will apply uniformly to each class member seeking injunctive relief; and

D.      A class action is superior because individual class members have no practical interest or ability to bring this action for damages.

The class action is the superior method of adjudication of this controversy

**COUNT I**
**CLAYTON ACT VIOLATION**

23. Plaintiffs aver and reavers all preceding paragraphs and further state and pray as follows:

24.  Section 4 of the Clayton Act, 15 U.S.C. § 15, which would provide the consumer class with its damage remedy, reads:  Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee.

25. Plaintiff Pan-American has suffered damages in business and property by the actions and conspiracy of defendants in monopolizing the public telephone service in San Juan Puerto Rico. Accordingly plaintiff seeks redress of the damages in accordance with the Clayton Act remedies.

8

26. Plaintiff Brian Healy as principal and owner of Pan-American has been injured in business and property because of defendants' monopolization and "anti-trust" violations of the public telephone service system in San Juan Puerto Rico. "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States . . . [and] shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee," 15 U.S.C. § 15.  Section 16  of the Act states that "[a]ny person, firm, corporation, or association shall be entitled to sue for and have injunctive relief. . . against threatened loss or damage by a violation of the antitrust laws. . . when and under the same conditions and principles as injunctive relief against threatened conduct that will cause loss or damage is granted by courts of equity. . . ." 15 U.S.C. § 26. By its express terms, Section 4 contemplates a monetary award to plaintiffs who have already sustained actual damages, while Section 16 permits a plaintiff to obtain an injunction prior to sustaining actual injury by demonstrating that the defendant's anticipated violation of the antitrust laws threatens to cause injury to the plaintiff if consummated

27. Plaintiff Joseph Raymond Molina individually and as member of a class of consumers that have suffered injury in business and property brings the cause of action in his name and that of those members of the class of persons who have utilized the public telephone system within the Municipality of San Juan and who been overcharged unconscionable amounts of money over the stated tariff and over the stated franchise amount.

## COUNT II
## VIOLATION OF 42 U.S.C. § 1983

28. Plaintiffs aver and reavers all preceding paragraphs and further state and pray as follows:

29. This action is against Jorge Santini in his capacity as Mayor and Chief Executive of the Municipality of San Juan Puerto Rico.

30. Pursuant to 42 U.S.C. §1983, every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.   Here, defendant has failed to protect plaintiff under the Clayton Act, Sherman Act and has failed to protect plaintiff and class members under the Equal Protection Clause of the Federal Constitution to wit the 14th Amendment. The overcharges in public telephone service are tantamount to taking of business and property without due process of law.

31. Plaintiff Joseph Raymond Molina brings this cause of action against Jorge Santini in his official capacity resulting from the failure of the Mayor to protect plaintiff under the laws of the United States, primarily the "anti-trust" laws under the Clayton Act and Sherman Act, as stated herein.

## COUNT III
## PUERTO RICO CIVIL CODE ACTION UNDER
### 31 L.P.R.A. § 5141   Negligence

32. Plaintiffs aver and reavers all preceding paragraphs and further state:

33. Under L.P.R.A. 31 § 5141 defendants are responsible  persons who by an act or omission against plaintiff caused damage to plaintiffs through fault or negligence, and who pursuant to P.R. Code 31 L.P.R.A. are obliged to repair the damage so done.

34. Defendants have Municipality of San Juan and defendant Mayor has been negligent in the administration and regulation of the franchise agreement by *inter alia* permitting defendant (TPRR) Phoneworks, Inc. to overcharge the consumers and citizen of San Juan, Puerto Rico. And have failed to regulate, investigate, and monitor the activities and violations of federal and state consumer laws as against the citizen whom they are bound to serve and provide fundamental services and protections.

35. The failure of the Municipality and Mayor to act reasonably to protect its citizens against overcharging and predatory practices of defendants Phoneworks, Inc. and its principals have cause direct and proximate injury to plaintiffs individually, and similarly situated class claimants.

36. The court has jurisdiction to the claim under the supplemental powers of the Court under 28 US.C.C. § 1367. The claim is so Germaine to the federal claims that form part of the same case and controversy, arising out of the same issues of operative facts forming the same case and controversy upon which the court has original jurisdiction.

**COUNT IV**
**VOLATION OF STATE TARIFF ACT**
27 L.P.R.A. § 269 Et seq.

37.  plaintiffs aver and reavers all preceding paragraphs and further state and pray:

38. Under Puerto Rico telecommunications Act defendant Phoneworks, Inc. is barred by charging any sums over the stated tariff of $3.75. Phonewaoks, Inc. has indeed charged

11

excessive amounts over the state tariff in violation of the Puerto Rico telecommunications Act and must return all sums of monies charged over the stated tariff.

39. The court has jurisdiction to the claim under the supplemental powers of the Court under 28 US.C.C. § 1367. The claim is so Germaine to the federal claims that form part of the same case and controversy, arising out of the same issues of operative facts forming the same case and controversy upon which the court has original jurisdiction.

  **WHEREFORE,** the Plaintiffs, on behalf of themselves and the Class, demand the following relief:

 A. Recover threefold the damages sustained by the individual plaintiffs, and the cost of suit, including a reasonable attorney's fee

 B. After notice and hearing, an Order certifying the Class and any appropriate Subclasses to administer the claims.

 C. An Order appointing Lorenzo Palomares P.S.C., as Counsel for the Class and awarding attorneys fees, pursuant to Federal Law and the rules governing class actions, for the benefit of the Class for said representation;

 D. Establishing a fund to provide relief for the injury to the class.

 E. Negligence damages according to proof under negligence actions.

 F. An Order requiring the Agency and its chief/director to cease and desist from further predatory monopolization practices.

 G. Any and all further relief this Board/Court deems just and proper.

 H. A trial by jury in all issues triable pursuant to Fed.R.Civ.P 38(b).

Respectfully submitted,

*S/ Lorenzo J. Palomares Starbuck, Esq.*
Lorenzo J. Palomares, Esq.
U.S.D.C. #218017
Lorenzo Palomares, P.S.C.
Attorneys & Counselors at Law
421 Ave Munoz Rivera, Midtown Bld,
Penthouse Suite 1001,
San Juan, P.R.  00918
Tel (787) 753-7441
Fax (787) 622-2540
Palolaw@gmail.com

*s/ Juan E. Milanes, Esq.*
Juan E. Milanes, Esq.
U.S.D.C. # 225701
Law Offices of Juan E. Milanés, PLLC
1831 Wiehle Ave, Suite 105
Reston, VA 20190
Ph: (703) 880-4881
Fax: (703) 437-9046
milaneslaw@gmail.com

**NOTICE OF REPRESENTATION**

We the undersigned de hereby appoint the Law offices of Lorenzo Palomares P.S.C. and

Lorenzo J. Palomares-Starbuck, Esq. as representative in the instant complaint.


*S./Joseph Raymond Molina*
Joseph Raymond Molina

# **<u>EXHIBITS</u>**

1
2
3
4

## NOTICE OF REPRESENTATION

5
6

We the undersigned de hereby appoint the Law offices of Lorenzo Palomares P.S.C. and

7

Lorenzo J. Palomares-Starbuck, Esq. as representative in the instant complaint.

8
9
10

_____
Joseph Raymond Molina

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12

**LLamadas**
# AOS
**UTILIZAN**
**OPERADORES**
**ULTRAMARINOS**
**MISCELANEOS**

**RAYMOND MOLINA**
**Cuenta** 268-5451-895
**Factura** 25 FEB 2009
**Página** 5 de 6

## Uso de Larga Distancia

| Fecha | Hora | Lugar | Desde Teléfono | Hacia Teléfono | Minutos | Plan | Tipo | Cantidad |
|-------|------|-------|----------------|----------------|---------|------|------|----------|
| USO DE LARGA DISTANCIA DEL | | | 787 268-5451 | | | | | |
| 01-22 | 7:47PM | SANTURCEOE | | 787 722-9863 | 6 | | REVERTIDA | $25.76 |
| Uso de Larga Distancia | | | | | | | | 25.76 |
| **Total Uso de Larga Distancia** | | | | | | | | **$25.76** |
| Cargo Por Impuesto Estatal - IVU | | | | | | | | $1.55 |
| Cargo Por Impuesto Municipal - IVU | | | | | | | | $0.26 |

## TOTAL LARGA DISTANCIA DE AOS     $27.57

Los Cargos por Impuestos Estatales y Municipales, respectivamente, aplican a las llamadas de Larga Distancia
y/o a cualquier cargo de servicios básicos mensuales de su plan.

**THOMPSON HINE**  ATLANTA  CINCINNATI  COLUMBUS  NEW YORK
BRUSSELS  CLEVELAND  DAYTON  WASHINGTON, D.C.

**EXHIBITS 4**

June 22, 2007

**VIA OVERNIGHT COURIER, FIRST CLASS, AND
CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Mr. Ronald Massie
Phoneworks Inc.
18 Ave Jose A. Tony Santana Ste 5
Puerto Rico 00979

**Re:  Interference with BBG's Call Traffic – Violations of the Communications Act of
1934, as amended, and Rules and Regulations of the Federal Communications Commission**

Dear Mr. Massie:

We are special communications counsel to BBG Communications, Inc. ("BBG"). Pursuant to BBG's June 14, 2007 correspondence to you (copy attached), BBG advised you that it had determined that your company ChoiceTel Acquisition, Inc. ("ChoiceTel"), is illegally and purposefully misdirecting calls placed at ChoiceTel's payphones at the Luis Munoz Marin International Airport in San Juan, Puerto Rico ("Airport"). Specifically, customers are placing international calls using dialing instructions containing an 800 number assigned to BBG and advertised at the Airport. Rather than the call proceeding to BBG's call center, the call is instead purposefully directed to ChoiceTel's call center. This illegal practice is occuring at almost all of the payphones at the Airport.

BBG's June 14, 2007 letter advised you that it has already incurred substantial damages as a result of this illegal activity. In fact, call traffic from the payphones at the Airport has dropped 80%. BBG demanded that you take all steps to stop ChoiceTel from rerouting BBG's call traffic and interfering with BBG's contractual rights relating to its advertising at the Airport. To date, BBG believes that ChoiceTel's illegal activity has continued.

Please be advised that unless the blocking and rerouting of calls from the airport payphones to ChoiceTel's operator center 800 number cease within forty-eight (48) hours from the date of this letter, BBG will pursue immediate legal recourse either before the Federal Communications Commission or in civil litigation in an appropriate forum. ChoiceTel's actions violate the Communications Act of 1934, as amended, and pertinent rules of the Federal Communications Commission, which explicitly require payphone providers and other aggregators to ensure that a consumer may use "800" access code numbers to obtain access to the provider of operator services "*desired by the consumer.*" 47 C.F.R. §64.704. Federal law specifically prohibits blocking access numbers to long distances companies from public telephones. By misrouting calls to BBG's 800 telephone number at ChoiceTel's payphones at the San Juan Airport, ChoiceTel, is, in our opinion, violating these statutory and regulatory requirements, along with other provisions.

**THOMPSON HINE**

Mr. Ronald Massie
June 22, 2007
Page 2

Please contact the undersigned, either directly or through counsel, within forty-eight (48) hours to confirm that ChoiceTel has ceased the practices described therein. You have indicated to our client that you are seeking to enter into negotiations regarding a revenue sharing arrangement in order to "cure" this problem. BBG rejects your request, and if this matter is not resolved as provided will bring this to the attention of the appropriate regulatory or judicial bodies.

Sincerely,

Barry A. Friedman

cc:    Mr. Fernando Bonilla, Executive Director, Luis Munoz Marin Internacional Airport
       Mr. Ricardo Singer

07/29/2007  22:25   000000000000000000   A    PAGE   01


Teleservices Inc.

RBG COMMUNICATIONS INC
1658 GAILES BLVD
SUIT B
SAN DIEGO CA 92154 - 8220

Page   16 of 16
Account Number
Billing Date   Jul 4, 2007

Questions?   1 800 433-4518

## Important Information

s portion of your bill is provided as a service to the company identified above.
se review all charges appearing in this section. If you have any questions or
cerns, call the telephone number shown above.

## Current Charges

ized Charges and Credits

| Date. | Description | |
|---|---|---|
| ed on Behalf of ANDIAMO TELECOM, LLC | | |
| stions?   Call   1 800 433-4518 | | |
| rges for 619 710-8967 | | |
| 6-24 | USF CARRIER ADMINISTRATIVE FEE | 1.54 |
| 6-24 | UNIVERSAL SERVICE FUND FEE | 3.82 |
| al Charges for 619 710-8967 | | 5.46 |
| al for ANDIAMO TELECOM, LLC | | 5.46 |
| | | |
| ed on Behalf of I O S | | |
| rges for 619 710-8967 | | |
| 6-06 | FEDERAL UNIVERSAL SERVICE FUND | 7.08 |
| 6-06 | USF CARRIER ADMINISTRATIVE FEE | 2.86 |
| al Charges for 619 710-8967 | | 0.04 |
| al for I O S | | 9.94 |
| al Itemized Charges and Credits | | 15.40 |

g Distance

| Date | Time | Place Called | Number | Code | Min | |
|---|---|---|---|---|---|---|
| ed on Behalf of ANDIAMO TELECOM, LLC | | | | | | |
| stions?   Call   1 800 433-4518 | | | | | | |
| rges for 619 710-8967 | | | | | | |
| ized Calls | | | | | | |
| .G-20 | 221P | ITALY | 391121582 | RBO | 3.0 | 33.50 |
| ed on Behalf of I O S. | | | | | | |
| rges for 619 710-8967 | | | | | | |
| ized Calls | | | | | | |
| .6-06 | 736P | ISLA VERDEPR | 707 791-9128 | ERO | 6.0 | 30.25  |
| .6-06 | 747P | ISLA VERDEPR | 787 791-8967 | ERO | 6.0 | 30.25 |
| al Itemized Calls | | | | | | 60.50 |
| al Charges for 619 710-8967 | | | | | | 60.50 |
| al   I O S | | | | | | 60.50 |
| al Long Distance | | | | | | 94.00 |

to Calling Codes
Collect          E  Evening          O  Oper-Dial Rates
Standard

tal ILD Teleservices          109.40

8448.011.105295.08.08.0000000 NNN NNYNY          11415.11415

07/29/2007   22:25   00000800000000000000           A >                    PAGE   03

**Exclusive cardmember benefit:**
**Over 70 cities. 5,000 fewer**
**American Airlines AAdvantage miles.**
**Start packing.**

Because you're a Citi / AAdvantage cardmember, you can fly to exciting destinations all over the world for 5,000 fewer American Airlines AAdvantage miles. Third quarter awards are valid for flights between 7/1/07 and 9/30/07 only, for travel originating in the 48 contiguous United States.

**Hurry!** All travel must be completed by 9/30/07.

citi | American Airlines AAdvantage

**Summer getaways now available—but going fast!**

Belize • Bermuda • Chicago
China • Colorado Springs
Mexico • Montreal
New York • Switzerland

**Feature destinations are updated every 3 months. For the most current list with complete details, visit www.ReducedMileageAwards.citicards.com or call 1-800-882-8880.**

PAA01940707

## Citi / AAdvantage American Express Card          citi

AAdvantage is a registered trademark of American Airlines, Inc.

Account Number:

| Customer Service: | Revolving Credit Line | Available Revolving Credit Line | Cash Advance Limit | Available Cash Limit | New Balance |
|---|---|---|---|---|---|
| 1-866-449-2484 | | | | | |
| PO Box 44167 | Statement/ Closing Date | Amount Over Revolving Credit Line | Past Due | Past/Over Minimum Due | Minimum Amount Due |
| Jacksonville, FL 32231-4167 | 07/05/2007 | $0.00 | $0.00 + | $31.92 = | $31.92 |

| Sale Date | Post Date | Reference Number | Activity Since Last Statement | | Amount |
|---|---|---|---|---|---|
| | 6/26 | 97855023 | PAYMENTS, CREDITS & ADJUSTMENTS PAYMENT THANK YOU | | -1,000.00 |
| | 6/29 | 85469001 | PAYMENT THANK YOU | | -1,467.75 |
| | | | **Standard Purch** | | |
| 6/05 | 6/07 | 13TBN92C | AMICI | ORANJESTAD | 17.00 |
| 6/06 | 6/07 | 85KP3F9C | HYATT REGENCY ARUBA | ARUBA | 24.50 |
| 6/06 | 6/07 | CTJFB3N60 | NATPORT.NET INTERNET | NATPORT.NET | TX | 9.95 |
| 6/06 | 6/07 | CV5P002C | ORANJESTAD ARUBA | ORANJESTAD | 9.98 |
| 6/06 | 6/07 | ETLP3E90 | HYATT REGENCY ARUBA | ARUBA | 220.85 |
| 6/06 | 6/07 | X2B69NH0 | ILD TEL* | 800-2252606 | TX | 33.79 |
| 6/06 | 6/07 | 0XQ7CC0C | K & C LIMOUSINE SERVIC | DALY CITY | CA | 48.00 |
| 6/07 | 6/07 | N0HK836C | SAN FRANCISCO HILTON | SAN FRANCISCO | CA | 25.20 |
| 6/07 | 6/07 | L8E2A1HC | VIVA FORTUNA BEACH | FREEPORT | 75.00 |
| 6/07 | 6/07 | DG5NX2C | WYNDHAM HOTELS MIAMI | MIAMI | FL | 121.11 |
| 6/08 | 6/07 | GVTPX*4D | HERTZ RENT-A-CAR | NASSAU | 88.56 |
| 6/08 | 6/08 | P2XRX*4D | ZORBA'S | FREEPORT | 34.00 |
| 6/09 | 6/09 | QB6FYEXC | RESTAURANT BAR 'GLODE | MONTREAL | QC | |
| | | | -300.94 CANADIAN DOLLAR | | 284.79 |
| 6/10 | 6/10 | SSDX20*D | RELAY #2091 | DORVAL | QC | |
| | | | 36.19 CANADIAN DOLLAR | | 36.03 |
| 6/19 | 6/19 | LCPWV3Z0 | AMERICANO0121366079943 | DALLAS | TX | 54.50 |
| 6/20 | 6/20 | VYTMZ668 | AMERICANO0121254071834 | DALLAS | TX | 10.00 |
| 6/21 | 6/21 | B731KQ9R | TOLLFREEFORWARDING.COM | LOS ANGELES | CA | 98.00 |
| 6/23 | 6/23 | VY57HCYR | TIENDA MUSEO INTERACTI | MEXICO | | |
| | | | 1,188.00 MEXICAN PESO | | 110.18 |
| 6/25 | 6/25 | NKUL8R90 | SUSHIYA | CHULA VISTA | Ca | 83.43 |
| 6/26 | 6/26 | FB200000 | PAY BY PHONE SERVICE FEE | | 14.95 |
| 6/28 | 6/28 | CP92F9VG | USPS 0567760154 | SAN DIEGO | CA | 41.00 |
| 6/28 | 6/28 | 2T5NM3KQ | LINDBERGH PARKING | SAN DIEGO | CA | 42.00 |
| 6/28 | 6/28 | NBXZX02R | THE DETAIL SOUTH BEACH | MIAMI BEACH | FL | 107.36 |
| 6/30 | 6/30 | G583*1CR | COSTCO WHSE #00460 982 | CHULA VISTA | CA | 193.94 |
| 7/03 | 7/03 | 3915HY3J | OCEANAIRE SAN DIEGO OG | SAN DIEGO | CA | 103.30 |
| | | | FOREIGN TRANSACTION FEE FINANCE CHARGE | | 12.92 |

CITI AADVANTAGE AMEX

Category Bonus Miles:
Purchase Activity Bonus
Total Category Bonus Miles Earned .......................... 387
                                                          387

*** CITI AADVANTAGE MILES UPDATE ***
Miles Accumulated This Billing Period:      2,320
       Earned Miles:      1,933
       Category Bonus Miles:       387
Miles Reported To American Airlines:        2,320

Your Citibank credit card provides the convenience of transacting in foreign currencies worldwide wherever American Express is accepted without having to exchange and carry more foreign currency than you need for your trip. Each purchase you make in a foreign currency is subject to a one-time

07/29/2007  22:25  000000000000000000  A > PAGE 02

CASH CONVENIENCE CHECK

1029

RICARDO C SINGER

CA  91915-1622      VALID UNTIL 07/01/2008      88-1247/212

PAY TO THE
ORDER OF_____   $ [        ]

This document contains protection against alterations: absence of a watermark will indicate a copy.

DOLLARS

Citibank FSB
111 Sylvan Ave
Englewood Cliffs, NJ 07632-1514
0398160/2953301309041

MEMO _____

⑆0 2⑆2726 7⑆⑆          ⑈ 1029

---

# Citi® AAdvantage® World MasterCard®            Citi

Account Number:        AAdvantage is a registered trademark of American Airlines, Inc.

**Customer Service:**

| | Revolving Credit Line | Available Revolving Credit Line | Cash Advance Limit | Available Cash Limit | New Balance |
|---|---|---|---|---|---|
| 888-766-CITI (2404) | | | | | |
| BOX 6000 | Statement/ Closing Date | Amount Over Revolving Credit Line | Past Due | Purch/Adv Minimum Due | Minimum Amount Due |
| THE LAKES, NV 89163-6000 | 07/03/2007 | $0.00 | $0.00 + | $130.00 = | $130.00 |

| Sale Date | Post Date | Reference Number | Activity Since Last Statement | | Amount |
|---|---|---|---|---|---|
| | 6/26 | 97875111 | **Payments, Credits & Adjustments** | | |
| 6/13 | 6/13 | 6CQ8Q1Y1 | PAYMENT THANK YOU | | 6,105.76 |
| | | | GRAND PRIX DU CANADA ( MONTREAL        CAN | | 2,289.54 |
| | 6/13 | 6CQ8Q1Y1 | 2,392.95- CANADIAN DOLLAR | | 67.16 |
| | | | FOREIGN TRANS FEE*FINANCE CHARGE*ADJUST | | |
| | | | **Standard Purch** | | |
| 6/04 | 6/06 | 56GT6SRD | FAST PHONE SERVICES RE PARADERA        ABW | | 14.00 |
| 6/04 | 6/06 | K56T6SRD | FAST PHONE SERVICES RE PARADERA        ABW | | 50.00 |
| 6/05 | 6/06 | YZL73H22 | WIFIARUBA AN              ARUBA        ABW | | 10.00 |
| 6/06 | 6/06 | *4H78H22 | WIFIARUBA AN              ARUBA        ABW | | 10.00 |
| 6/06 | 6/06 | 1JZYJ4L4 | ILD TEL*TCG159345552  800-2262606      TX | | 13.79 |
| 6/07 | 6/07 | SZTCXUY0 | CAFE JOHNNY CANOE         NASSAU        BHS | | 60.66 |
| 6/08 | 6/08 | UX609200 | PERSONAL TOUCH PHARMAC GRAND BAHAMA    BHS | | 40.00 |
| 6/13 | 6/13 | 4ZEHHHD3 | ABOVE AVERAGE             SAN DIEGO      CA | | 150.00 |
| 6/10 | 6/26 | Z0VS1LWJ | CALIT PONTIAC RESTORAT 909-8886960    CA | | 172.33 |
| 6/26 | 6/26 | H6909100 | AMES PERF ENGINEERING    6038764514    NH | | 188.00 |
| 6/26 | 6/26 | F8200000 | PAY-BY-PHONE SERVICE FEE | | 14.95 |
| 6/27 | 6/27 | XH8HHHD3 | HUBBARDS IMPALA PARTS  336-2271589    NC | | 86.50 |
| 7/02 | 7/02 | XPWGATS3 | JA77 LIGHTING            CARLSBAD       CA | | 4,005.37 |
| | 7/03 | | FOREIGN TRANSACTION FEE*FINANCE CHARGE | | 1.20 |

CASH WHEN YOU NEED IT - It's easier than ever to get cash, up to your available
Cash Advance Limit.  Tear off the attached check, deposit it into your bank
account, or use it like any personal check.  Convenience checks access the cash
advance portion of your credit line.  Refer to your Card Agreement for specific
finance charges.

*** CITI AADVANTAGE MILES UPDATE ***
Miles Accumulated This Billing Period:       6,501
Earned Miles:       6,501
Miles Reported To American Airlines:       6,501

Remember, with a no-preset spending limit you now have more financial
flexibility, but you must pay in full any charges over the revolving credit
line indicated.

Your Card provides the convenience of transacting in foreign currencies
worldwide wherever MasterCard is accepted without having to exchange and carry
more foreign currency than you need for your transaction.  Each purchase you
make in a foreign currency is subject to a one-time transaction fee.  The
Annual Percentage Rate for Standard Purchases shown on this statement applies
only to purchases made in a foreign currency.

Please see enclosed privacy notice for important information.



# PAYPHONE TELECOM

PROVEEDOR SERVICIO TELEFONOS PUBLICOS
JRTPR CERTIFICACION # 0064
Cond.River Park K-103
Calle Santa Cruz # 10
Bayamon PR 00961
Tel.(787) 374-0777
Fax (787) 778-3774
E-Mail paytelecom@prtc.net

## QUERELLANTE



08-14-08
JRTPR PRESIDENTE
Lic. Miguel Reyes Davila

Saludo:

Por medio de esta querella, yo el; SR. Victor Rodriguez querellante y (PSP) proveedor servicio de teléfonos públicos o payphone service provider Certificación # 0064 de la JRTPR comerciante registrado # 0004697-0018 del Dept. de Hacienda, propetario de D/B/A Payphone Telecom con una ruta actual de 44 teléfonos públicos operando desde el 2000.

## QUERELLADO

Sr. Andres Romero Cert. JRTPR # 0225
Phoneworks , Inc. D/B/A Choictel Acquisition , Inc.
& Telefonos Publicos De Puerto Rico
18 Ave Jose A. Santana Suite 5
Carolina PR 00979  Tel. 253-1280

Estoy sometiendo esta querella ante usted como presidente de la junta para que tenga información y conocimiento sobre varias practicas anti-competitiva presentadas verbalmente ante mi persona por el Sr. Andres Romero y su socio en la fecha de Julio 29, 2008 11:am en su oficina en Carolina. Inicialmente recibí una llamada teléfonica el 17 de Julio 2008 de parte del Sr Romero con una oferta de comprar mi compañia de teléfonos públicos y que de no vender rapido los teléfonos serían removidos pronto.

CONTINUACION:

Despues de una breve negociacion verbal donde me hacen una oferta para comprar que yo rechazo y les indico que no me interesa vender. En este momento el Sr. Romero y su socio me indican verbalmente que su intencion y proposito es eliminar la competencia de todas las otras compañias existentes porque ellos tienen contratos exclusivos con casi todos los municipios donde ellos tienen que pagar por estos contratos y les da el derecho atraves de los municipios remover telefonos publicos existentes de otras compañias independientemente si estan ubicados en locales o terrenos privados que no tienen nada que ver con la judiricion del municipio.

Mi querella sobre este asunto Sr. Presidente es que se investigue esta practica anti-competitiva de intimidar verbalmente a mi compañia a y a otras, porque es mas grande o porque tiene mas recursos economicos.Mi certificacion ortogada por la junta es tan valida como la de ellos y no esta por encima de otras compañias. Estamos a la par y en el mismo negocio con los mismos retos y compitiendo. Tengos los mismos derechos que ellos de colocar telefonos publicos en ubicaciones privadas hacer contratos, firmar cartas de repesentacion de la PRTC. (LOA) Letter Of Agency. Por otro lado pago comsiones a estos proveedores de ubicacion , rindo panillas estatal , federal , de negocios. Los proveedores de ubicacion pagan patentes a los municipios y el crim.

Entiendo que el derecho de manterner mi negocio de telefonos publicos existente asi como el derecho de otras compañias de existir esta amparada en las ley # 213 y los reglamentos de la junta que estan por encima de un contrato municipal con una compañia en particular.La ley # 213 prohibe los monopolios en PR. Ademas el reglamento # 6400 prohibe la imposicion de proveedores de telefonos publicos  sustituir el servicio sin autorizacion valida de un proveedor de una ubicacion o LP Location Provider que este ubicado en un local, negocio, o terreno privado.Ademas esta cubierto por un contrato legitimo y vigente que esta firmado por ambas partes.

En mi opinion el reglamento de telefonos publicos debe ser revisado y emendado para prohibir la practica de una compañia, tratar de establecer parametros para conseguir ventajas de ubicaciones sobre otras compañias ya existentes , cuando hacen  contratos con los municipios a cambio de tratar de eliminar la competencia que ya tienen sus telefonos publicos  colocados y establecidos. Espero su respuesta a esta querella lo mas pronto posible. Gracias.

Atentamente

Victor Rodriguez (Propetario)
Payphone Telecom  Cert. # 0064



ESTADO LIBRE ASOCIADO DE PUERTO RICO
# OFICINA DEL CONTRALOR

Búsquedas | Estadísticas | Oficina del Contralor | Ayuda

| | | | |
|---|---|---|---|
| **Estatus:** *Vigencia Vencida* | | **CERTIFICACIÓN** | Año<br>Fiscal: 2007 |

| | |
|---|---|
| Código de Entidad: | 4065<br>Municipio de San Juan |
| Número de Contrato: | 2007-000054        Enmienda: |
| Fecha de Otorgamiento (dd/mm/aa): | 7/5/2006 |
| Cuantía Total: | $30,000.00 |
| Cuentas | **Núm. de Cuenta**<br>1000.XX.25.01.00.00.1306.0000 |
| Código del Tipo de Contrato: | SERVICIOS LEGALES |
| Exento: | No Exento |
| Orden (Aprobación o dispensa de algún organismo del Gobierno): | |
| Vigencia desde (dd/mm/aa): | 7/1/2006 |
| Vigencia hasta (dd/mm/aa): | 12/31/2006 |
| Seguro Social Personal o Patronal: | XXX-XX-XXXX |

| Contratista(s): | *Seguro Social* | *Nombre* |
|---|---|---|
| | XXX-XX-XXXX | MELINDA ROMERO DONNELLY |

| | | |
|---|---|---|
| Representante(s) de la(s) Entidad(es) Gubernamental (es) | Disponible en Certificación Firmada | |
| En (ciudad) | Disponible en Certificación Firmada | Puerto Rico |
| hoy (dd/mm/aa) | 7/5/2006 | |

Otorgado en Puerto Rico

Nombre de Documentos



| | | # | Contratista | Otorga | Vig | Vig | $ | Tipo Servicio | Entidad | UGDC |
|---|---|---|---|---|---|---|---|---|---|---|
| • | 120 | 2008-000281 | MELINDA K. ROMERO DONNELLY | 6/30/2008 | 7/1/2008 | 12/31/2008 | $36,000.00 | SERVICIOS DE CONSULTORIA ADMINISTRATIVA | 2000 | |
| | 110 | 2005-000313 | A | MELINDA K. ROMERO DONNELLY | 3/1/2005 | 7/1/2005 | 6/30/2006 | $0.00 | SERVICIOS DE CONSULTORIA ADMINISTRATIVA | 2000 | |
| | 130 | 2006-000146 | MELINDA K. ROMERO DONNELLY | 7/1/2005 | 7/1/2005 | 6/30/2006 | $76,000.00 | SERVICIOS DE CONSULTORIA ADMINISTRATIVA | 2000 | |
| | 136 | 2006-000146 | A | MELINDA K. ROMERO DONNELLY | 8/18/2005 | 8/18/2005 | 6/30/2006 | $16,500.00 | SERVICIOS DE CONSULTORIA ADMINISTRATIVA | 2000 | |
| | 140 | 2007-000052 | MELINDA K. ROMERO DONNELLY | 7/7/2006 | 7/7/2006 | 6/30/2007 | $54,000.00 | SERVICIOS DE CONSULTORIA ADMINISTRATIVA | 2000 | |
| | | 2005-000601 | MELINDA L. CINTRON SOLIS | 10/26/2004 | 10/25/2004 | 9/30/2005 | $28,687.50 | SERVICIO DE ADIESTRAMIENTO U ORIENTACION | 2252 | |
| | | 2005-000601 | Z | MELINDA L. CINTRON SOLIS | 5/31/2005 | 5/31/2005 | 9/30/2005 | $0.00 | RESCISION DE CONTRATOS | 2252 | |
| | | 2009-000010 | MELINDA NIEVES RODRIGUEZ | 7/1/2008 | 7/1/2008 | 7/1/2013 | $3,000.00 | OFRECER INMUEBLE EN ALQUILER | 4049 | |
| | | 2008-000052 | MELINDA NIEVES RODRIGUEZ | 8/30/2007 | 8/30/2007 | 5/30/2008 | $550.00 | OBTENER INMUEBLES | 4049 | |
| | | 2006-000266 | MELINDA REINA T GONZALEZ | 6/5/2006 | 6/5/2006 | 6/4/2011 | $5,500.00 | OFRECER INMUEBLE EN ALQUILER | 3000 | |
| | | 2004-000266 | B | MELINDA ROMAN HERNANDEZ | 3/23/2004 | 4/1/2004 | 8/31/2004 | $7,500.00 | SERVICIO DE ADIESTRAMIENTO U ORIENTACION | 3063 | |
| ⁑ | | 2007-000054 | MELINDA ROMERO DONNELLY | 7/5/2006 | 7/1/2006 | 12/31/2006 | $30,000.00 | SERVICIOS LEGALES | 4065 | 1 |
| ⁑ | | 2006-001245 | MELINDA ROMERO DONNELLY | 3/28/2006 | 5/1/2006 | 6/30/2006 | $20,000.00 | SERVICIOS DE CONSULTORIA ADMINISTRATIVA | 4065 | |
| ⁑ | | 2007-000054 | A | MELINDA ROMERO DONNELLY | 12/20/2006 | 1/1/2007 | 6/30/2007 | $30,000.00 | SERVICIOS LEGALES | 4065 | 1 |
| ⁑ | | 2008-000020 | MELINDA ROMERO DONNELLY | 7/2/2007 | 7/1/2007 | 12/31/2007 | $30,000.00 | SERVICIOS DE CONSULTORIA ADMINISTRATIVA | 4065 | 1 |
| ⁑ | | 2008-000020 | A | MELINDA ROMERO DONNELLY | 12/14/2007 | 1/1/2008 | 6/30/2008 | $30,000.00 | SERVICIOS DE CONSULTORIA ADMINISTRATIVA | 4065 | 1 |
| ⁑ | | 2009-000030 | MELINDA ROMERO DONNELLY | 7/2/2008 | 7/1/2008 | 12/31/2008 | $30,000.00 | SERVICIOS DE CONSULTORIA ADMINISTRATIVA | 4065 | 1 |
| | | 2007-000205 | MELINDA VELEZ VENTURA | 10/6/2006 | 10/15/2006 | 10/15/2006 | $50.00 | OFRECER INMUEBLE EN ALQUILER | 4006 | |
| | | 2005-000848 | MELINDA ZAMBRANA SANCHEZ | 3/16/2005 | 3/17/2005 | 6/30/2005 | $1,425.00 | SERVICIOS PERSONALES NO PROFESIONALES | 4022 | |
| | | 2006-000560 | ROMAN QUILES EMELINDA | 10/3/2005 | 10/3/2005 | 12/31/2005 | $2,511.00 | COMPRA DE EQUIPO Y VEHICULOS | 4067 | |
| | | 2006-000548 | ROMAN QUILES EMELINDA | 1/3/2006 | 1/3/2006 | 6/30/2006 | $5,118.00 | SERVICIOS PERSONALES NO PROFESIONALES | 4067 | |
| | | 2007-000814 | ROMAN QUILES EMELINDA | 3/16/2007 | 3/16/2007 | 9/15/2007 | $6,666.00 | SERVICIOS PERSONALES NO PROFESIONALES | 4067 | 10 |
| | | 2007-000281 | Z | ROMAN QUILES EMELINDA | 3/15/2007 | 3/15/2007 | 3/15/2007 | $0.00 | RESCISION DE CONTRATOS | 4067 | 10 |
| | | 2007-000065 | ROMAN QUILES EMELINDA | 7/1/2006 | 7/1/2006 | 7/31/2006 | $618.00 | SERVICIOS PERSONALES NO PROFESIONALES | 4067 | |

123

#ENTIDAD DEL MUN. SAN JUAN = 4065

INFORME LABOR REALIZADA,
SOBRE $170,000 ℗ EN CONTRATOS ADM.