# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

PAN-AMERICAN TELEPHONE CO. INC.,  )
AND BRIAN HEALEY; AND             )
JOSEPH RAYMOND MOLINA YOUNG,      )   Case No.: 09-cv-1256 ADC
AND LUIS BURGOS, AND RICARDO      )
ROSADO                            )
VS                                )
                                  )   **CLASS ACTION COMPLAINT**
THE MUNICIPALITY OF SAN JUAN, AND )   **SEEKING DAMAGES**
JORGE SANTINI, IN HIS OFFICIAL    )   **EQUITABLE AND INJUNTIVE**
CAPACITY AS MAYOR and             )   **RELIEF**
PHONEWORKS, INC., and             (
Does A-Z                          /

## MOTION FOR CLASS CERTIFICATION

**COMES NOW** plaintiffs Joseph Raymond Molina and jointly –through counsel- moves this Honorable Court, pursuant to Local Rule 7.1 and Fed.R.Civ.P 23 for an order of certifying the class of persons injured in business and property who have made use of the public telephone of defendant Phoneworks, Inc. in violation of the Clayton Act 15 U.S.C. § 15 et seq., Sherman Act 15 U.S.C.S. § 1. and the Puerto Rico Tariff Act . 27 L.P.R.A. § 269 et seq. and violation of 42 U.S.C. § 1983. In support the appearing party states and prays as follows:

1

## PROCEDURAL BACKGROUND

1. The appearing parties have filed a class action complaint seeking redress as alleged in the third amended complaint.

2. Plaintiff Joseph Raymond Molina Young seeks certification and appointment of plaintiff as class representative of the class of consumers in Puerto Rico and aboard that have been injured by the defendants for violation of the Clayton Act, Sherman Act, Tariff Act, and 421 U.S.C. § 1983. Mr. Joseph Raymond Molina is prepared to represent the class members from beginning to end, as evidenced by the third amended complaint.

3. The business records provided by Cotelco Systems of Puerto Rico, the service provided of telephone line access, to the public phones used by the defendants establishes that at least from January 2007 to February 2009 a total of 14, 750,000 calls were made by consumers in the defendants' public telephones. Under the franchise provided by the defendants, in violation of the Clayton Act 15 U.S.C. § 15 et seq., Sherman Act 15 U.S.C.S. § 1 establishes the numerosity of prospective class members. The complaint establishes all the elements necessary to certify the class under applicable law and procedure.

## **Numerosity and Definition of the Class**

4. Plaintiff Joseph Raymond Molina brings this class action in behalf of himself and the following classes:[1]

   All parties who have used the public telephone service within the Municipality of San Juan. The Class consists of over 100,000 persons who may have made over 14,750,000 calls using the operator assistant calls, the exact number being unknown and

---

[1] The class definition may be modified by the Court based on discovery or other factors that can surface throughout the course of the litigation.

unascertainable; therefore, the Class is so numerous that joinder of all members is impracticable that have been overcharged in violation of the Clayton Act 15 U.S.C. § 15 et seq., Sherman Act 15 U.S.C.S. § 1. and the Puerto Rico Tariff Act . 27 L.P.R.A. § 269 et seq. and violation of 42 U.S.C. § 1983.

## II.  Commonality

5. This cause of action is predicated on violations of Clayton Act, The Sherman Act. At all times material hereto the plaintiff petitioners allege and reaffirm that they are members of a class of persons that have been subject to violations of the Clayton Act and have been injured in business and property as a result of defendants' monopolization of the public telephone service in San Juan, Puerto Rico.

### III Typicality

6. The claims of the Plaintiffs are typical of the claims of the Class members they represent as they seek essentially the same relief, namely damages in business and property resulting form the defendants' monopolization of the public telephone service in San Juan, Puerto Rico.

### VI  Adequacy of Representation

7. Plaintiff Joseph Raymond Molina is a plaintiff representative of citizen and consumers that have been injured in business and property as a result of the violation of the Clayton Act, the Sherman Act and monopolization of the public telephone service in San Juan, Puerto Rico.

### V.  Plaintiffs Meet the Requirements of Rule 23(b)(1)(A)

8. This action is maintainable under Rule 23(b)(1)(A), Fed.R.Civ.P., because the prosecution of separate actions by individual members of the Class would create a risk of

inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.

### VI. **Plaintiffs Meet the Requirements of Rule 23(b)(3)**

9. Certification is also appropriate under Rule 23(b)(3), Fed.R.Civ.P., because:

   A. Common issues predominate where the exact same issues apply uniformly to each class member seeking injunctive relief; monetary damages, and

   B. A class action is superior because individual class members have no practical interest or ability to bring this action for damage in their own name.

In particular, there are numerous questions of law and/or fact that are common to the claims of the Plaintiffs and the members of the Class. Among these common questions of law and/or fact are the following:

   A. whether the class members have no adequate remedy at law;

   B. whether class members are subject to injury in business and property, i.e., whether said relationship the defendants monopolization of the public telephone service in the Municipality of San Juan Puerto Rico has caused them overcharge over the stipulated amount of $3.37 dollars for operator assisted calls within Puerto Rico and for overcharge over the $4.00 for operator assisted call outside of Puerto Rico.

   C. whether injunctive relief is appropriate and in the public interest;

   D. whether equity supports the relief requested in the instant issues.

The class action is the superior method of adjudication of this controversy as joinder is impracticable and the case is manageable and can be tried with class wide proof for all members of the Class.

4

# MEMORANDUM OF LAW

10. The general rule of practice is to file the motion for class certification as early as plausible. Under Fed.R.Civ.P. 23 (c) (1) (A) the time to issue a certification order is as early as practicable after the person sues or issued as class representative. Rule 23 of the Federal Rules of Civil Procedure sets forth the requirements for class certification. Initially, the party seeking class certification must establish four prerequisites set forth in Rule 23(a):

   (1) The class is so numerous that joinder of all members is impracticable;

   (2) there are questions of law or fact common to the class;

   (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

   (4) the representative parties will fairly and adequately protect the interests of the class.

   Fed. R. Civ. P. 23. In addition, the party seeking class certification must also satisfy one of the criteria of subsection (b) of Rule 23. In this case, plaintiffs seek certification under 23(b) (3), which provides that the Court must be satisfied that:

   The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

11. In the instant case the third amended complaint filed with the court establishes all the precedents under Rule 23. The law offices of Lorenzo Palomares PSC has agreed and in prepared to represent the class members before this court and the motion respectfully

12. prays for the appointment of the law offices of Lorenzo Palomares PSC as counsel for the class.

13. In Diffenderfer v. Gomez-Colon, 587 F. Supp. 2d 338 (D.P.R. 2008) this district court reasoned that class action was an appropriate of litigation the Spanish on electoral ballots. In its holding the court held that: "The class of monolingual English speakers eligible to vote in Puerto Rico is numerous enough that joinder of all members is impracticable. All members of this class are, by definition, unable to vote using a Spanish-only ballot without some assistance. All therefore possess a common legal claim for the right to use bilingual ballots. The representative Plaintiffs, Diffenderfer and McCarroll, appear to have typical constitutional claims. Finally, they both testified that they would pursue the legal action to its conclusion; therefore, we find that they will adequately protect the interests of the class". Likewise in the case at bar plaintiff Joseph Raymond Molina can adequately represent the class of consumers who have used the public telephone systems implemented by the defendants in violation of the Clayton Act, Sherman Act, 42 U.S.C. 1983, and supporting claims. Mr. Molina's invoice and over charged payment has been included in the exhibits of the third amended complaint, as evidence of the injury to the plaintiff.

14. Under Fed. R. Civ. P. 23 it is not necessary that the common questions be dispositive of the entire action. *Esplin v. Hirschi,* 402 F.2d 94 (10th Cir. 1968); *see also Liberty Alliance for the Blind v. Califano,* 668 F.2d 333 (3rd Cir. 1977) (class relief not barred even though need existed for calculations of individual benefits); *Kleiner v. First National Bank of Atlanta,* 97 F.R.D. 683 (N.D.Ga. 1983) *rev'd on other grounds* in *Kleiner v. First National Bank,* 751 F.2d 1193 (11th Cir. 1985) (Rule 23(a) requires that

common questions predominate and not that they be unanimous); *Wolfson v. Artisans Savings Bank,* 83 F.R.D. 547 (D.Del. 1979) (class action maintainable even though individual questions needed to be litigated). Generally, to maintain a class action, it is only necessary that there is an essential common factual link between all class members and the defendants for which the law provides a remedy. *Halverson v. Convenient Food Mart, Inc.,* 69 F.R.D. 331 (N.D.Ill. 1974).

## CONCLUSION

14. Plaintiffs have demonstrated that there are common issues predominate where the exact same issues will apply uniformly to each class member seeking injunctive relief; damages, and other like remedies. The class action is superior because individual class members have no practical interest or ability to bring this action for damages. Class members are subject to injury in business and property, i.e., whether said relationship the defendants monopolization of the public telephone service in the Municipality of San Juan Puerto Rico has caused them overcharge over the stipulated amount of $3.37 dollars for operator assisted calls within Puerto Rico and for overcharge over the $4.00 for operator assisted call outside of Puerto Rico, and any other amount over the stated tariff filed with the Government. Plaintiff Joseph Raymond Molina can adequately represent the class members to completion of the case at bar.

Respectfully submitted,

*S/. Lorenzo J. Palomares Starbuck, Esq.*
Lorenzo J. Palomares, Esq.
U.S.D.C. #218017
Lorenzo Palomares, P.S.C.
Attorneys & Counselors at Law
421 Ave Munoz Rivera, Midtown Bld,
Penthouse Suite 1001,
San Juan, P.R. 00918
Tel (787) 753-7441
Fax (787) 622-2540
Palolaw@gmail.com

'

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the instant motion was filed using the CM/ECF electronic case management system which will send a copy to all counsels of record.

*S/. Lorenzo J. Palomares Starbuck, Esq.*
Lorenzo J. Palomares, Esq.