IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Pan-American Telephone Company, Inc., et als. | Civil No. 2009-1256 (ADC) |
| **Plaintiffs** | Class Action Seeking Damages |
| Vs. | |
| The Municipality of San Juan, et als. | JURY TRIAL |
| **Defendant** | |

## Defendant Phoneworks, Inc.'s Motion Requesting that the Court Suspends Consideration of Class Certification

**TO THE HONORABLE COURT:**

**COMES NOW** Co-defendant Phoneworks, Inc. without submitting to the jurisdiction of this Honorable Court, through the undersigned attorney, who appears for the sole purpose of filing this motion, and respectfully states and prays:

On May 28, 2009 Plaintiff filed Motion to Certify Class (docket 19).

The reply in opposition is due on June 15, 2009.

As of this date none of the defendants have filed their responsive pleadings. Actually, motions to dismiss are still pending (dockets 20 and 22). Regarding Phoneworks, Plaintiff re-served Phoneworks on June 8, 2009, with a copy of the First Amended Complaint.

Defendant Phoneworks submits that, even without the jurisdictional issues pending before this Court, it is impractical at this point to attempt class certification. Plaintiff rests on the truthfulness of its statements, but defendants have had no opportunity to corroborate the factual allegation contain on docket 19. Hence, Phoneworks moves for stay on the class certification, until such a time as defendants had opportunity to make reasonable discovery. Once this discovery is completed, an evidentiary hearing may be necessary to adjudicate any factual controversies pertaining to the class certification.

## Discussion

A Class Action case is governed by the Rule 23 of the Federal Rules of Civil Procedure. It requires that several preliminary conditions be met before a proposed class of plaintiffs may be certified by the Court.

Rule 23(a), Fed. R. Civ. P 23(a), provides that certification is proper only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

If the above Rule 23(a)'s prerequisites of numerosity, commonality, typicality, and adequacy are met, then the proposed class must

additionally satisfy one of the three provisions for certification under Rule 23(b), Fed. R. Civ. P 23(b)(1)(2)(3):

**(1)** prosecuting separate actions by or against individual class members would create a risk of: **(A)** inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or **(B)** adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; **(2)** the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or **(3)** the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: **(A)** the class members' interests in individually controlling the prosecution or defense of separate actions; **(B)** the extent and nature of any litigation concerning the controversy already begun by or against class members; **(C)** the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and **(D)** the likely difficulties in managing a class action.

The party that filled a Motion of Class Certification bears the burden of proving the propriety of establishing a class under the mentioned rule. *Stirman v. Exxon Corp.*, 280 F.3d 554, 563 (5th Cir. 2002). A plaintiff must do more than merely allege in a motion that the Rule 23 requirements have been met and therefore some facts must be shown. *Aiken v. Neiman-Marcus*, 77 F.R.D. 704, 705 (D.C.Tex., 1977).

The Court must determine class certification "at an early practicable time", Fed. R. Civ. P 23(c)(1)(A). In 2003 this phrase amended

3

the original that read as "as soon as practicable." As stated by the 2003 Notes of Advisory Committee, this amendment was adopted because time may be needed to gather information necessary to make the certification decision. It also stated that although an evaluation of the probable outcome of the merits of the case is not part of the certification decision, discovery in aid of the certification decision often includes information required to identify the nature of the issues that will be presented on trial. Therefore, is appropriate to conduct a controlled discovery limiting it to aspects that are relevant to making the certification decision on informed basis. Michael C. Smith, *O'Connor's Federal Rules Civil Trials: Advisory Committee Notes* 1193 ¶3 (2008 ed., Jones McClure Publishing).

The 2003 Notes of Advisory Committee also stated that the amendment to Rule 23(c)(1) recognize that some discovery is often necessary to make the class certification determination. It also may be important to make or respond to motions before the certification. *Id* at 1196 ¶48.

Precertification discovery will be permitted in connection with a motion for a class certification determination but it "lies within the sound discretion of the trial court." *Kamm v. California City Dev. Corp.*, 509 F.2d 205, 209 (9th Cir. 1975). Considering that the court must determine class certification at an early practicable time the court expressed that "it is imperative that the district court be permitted to limit pre-certification

4

discovery to evidence that, in its sound judgment, would be **"necessary or helpful"** to the certification decision. The court also expressed that **in most cases "a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action."** *Stewart v. Winter*, 669 F.2d 328, 331 (C.A. Miss., 1982), *Pittman v. E. I. duPont de Nemours & Co.*, 552 F.2d 149, 150 (5th Cir. 1977).

The court may allow discovery and conduct hearings on the issue of class certification. In relation to this matter the Eleventh Circuit expressed in *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-1571 (11th Cir. 1992), that "to make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits".

In view of the above stated, we respectfully submit that the court should allow discovery and schedule a precertification hearing before it rules on class certification. Plaintiff's bases its position on facts that have not been corroborated by defendants or proven to the Court. Discovery is of the utmost importance in order for defendants to evaluate, oppose or even consent to the class certification. It is a question of fundamental fairness and due process.

**WHEREFORE**, Co-defendant Phoneworks, respectfully requests this Honorable Court to suspend the consideration of the class

5

certification until such a time as 1) jurisdiction is established, 2) the parties have answered, 3) discovery as to the facts related to class certification is conducted and 4) if needed, a precertification hearing is held.

**RESPECTFULLY SUBMITTED**

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all attorneys of record.

In San Juan, Puerto Rico, this 13th day of June 2009.

**S/Cesar Soto Cintrón**

**César H. Soto Cintrón**
USDC Num. 210008
P.O. Box 10723
San Juan, PR 00922-0723
Tel: (787) 620-1797
Fax: (787) 620-1796
**fiscalcsc@hotmail.com**