# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PAN-AMERICAN TELEPHONE CO. INC., AND BRIAN HEALEY; AND JOSEPH RAYMOND MOLINA YOUNG, AND LUIS BURGOS, AND RICARDO ROSADO <br><br> VS <br><br> THE MUNICIPALITY OF SAN JUAN, AND JORGE SANTINI, IN HIS OFFICIAL CAPACITY AS MAYOR and PHONEWORKS, INC., and Does A-Z | Case No.: 09-cv-1256 ADC <br><br> **CLASS ACTION COMPLAINT** <br> **SEEKING DAMAGES** <br> **EQUITABLE AND INJUNTIVE** <br> **RELIEF** |

## MEMORANDUM IN OPPOSITION

## TO DEFENDANTS (SAN JUAN & SANTINII) THIRD MOTION DISMISS

## FOR LACK OF JURISDICTION

**COMES NOW** plaintiffs –through counsel- and pursuant to Local Rule 7.1 files the instant opposition to the defendant's third motion to dismiss [docket #49] for lack of jurisdiction. In support the appearing party states and prays as follows:

## BACKGROUND

1. The defendants have filed a third motion to dismiss for lack of jurisdiction alleging in that there has been 123 days from the filing of the complaint and filing of the initial complaint and that an exhibit was not served.

2. Defendants ignore Fed.R.Civ,P Rule 12(b) suspends the party's time to a responsive pleading, and the tolling will usually continues until the time the court rules on defendant's motion. Here, defendants San Juan and Santini filed motions seeking time extensions which cannot be imputed to plaintiffs. On May 22, 2009 [docket 12] defendants sought and received a thirty days (30) time extension to file a responsive pleading, Codefendant Phoneworks, Inc. revived the same time extensions see docket #18 where defendant sought and received a thirty (30) days time extension.

3. It is importance to note the case history of the case. On June 15th 2009 this court ordered the amended complaint be filed and the same was filed with the court July 9th 2009 by way of docket # to wit:

| 07/09/2009 | 42 | AMENDED COMPLAINT *as ordered by the court on docket #25* against all defendants, filed by Luis Burgos, Ricardo Rosado, Brian Healy, Panamerican Telephone Co. Inc., Joseph Raymond Molina-Young. (Attachments: # 1 Exhibit)(Palomares-Starbuck, Lorenzo) (Entered: 07/09/2009) |

The time delay between docket# 29 granting the motion to amend the complaint and the filing of the amended complaint is related to the court's docket practice in conforming to the court's decisions.

4. Pursuant to Local Rule 5 (b) (2) "Notice of Electronic Filing generated by the Court's Electronic Case Filing System shall constitute the equivalent of service of the pleading or other paper on persons". This means that the defendant received a copy of the court approved amended complaint by July 9th 2009, by way of electronic service. Service was accomplished by way of electronic service to defendants on July 9, 2009 by way of docket # 42 to wit:

| 07/09/2009 | 42 | AMENDED COMPLAINT *as ordered by the court on docket #25* against all defendants, filed by Luis Burgos, Ricardo Rosado, Brian Healy, Panamerican Telephone Co. Inc., Joseph Raymond Molina-Young. (Attachments: # 1 Exhibit)(Palomares-Starbuck, Lorenzo) (Entered: 07/09/2009) |
|---|---|---|

Pursuant to Local Rule the defendant must have serve an answer by ten days after the electronic service. This court however, requested that the service be in accordance with Fed.R.Civ.P Rule 4(m) which grants 120 days for the service of process. Defendants Municipality of San Juan and Santini argue that 123 days have lapsed since the filing of the complaint and that an exhibit was not served. However, they fail to account for their own request for times extensions of over thirty (30) days and three motions to dismiss. The time limit set by Rule 4(m) incorporates the Local Rule as alternative service "Notice of Electronic Filing generated by the Court's Electronic Case Filing System shall constitute the equivalent of service of the pleading or other paper on persons".

**MEMORANDUM OF LAW**

5. The core concept of Rule 4(m) establishes 120 days after the complaint is filed to be served. By way of docket #29 order the plaintiff to re-serve the operative complaint within the time set forth by Rule 4(m). Based on the court order Plaintiffs understand that the court has provided a new period of time to serve the complaint. Even if the Plaintiff understanding of docket #29 to be misguide, Rule 4(m) establishes that when plaintiff is able to show "good cause" why process could not be served the district court must extend the time for service. Here, defendants have requested time extensions requesting over 30 days and filed three motions to dismiss which the plaintiff have answered diligently without delay. Defendants' time delays cannot be imputed against Plaintiffs who have acted diligently at all times.

6. Under the Exception to tolling effect Rule under Rule 12(b) the majority of Circuits including the First Circuit are settled that party who files a rule 12(b) motion to a portion, but not all, of a pending pleading (e.g motion to dismiss) will likely have a tolling of the entire period. Here,

defendants three motions dismiss, act to toll the time which defendants alleged have lapsed by there (3) days.

7. Personal jurisdiction upon defendants is acquired upon service of the complaint not an exhibit. Under Fed.R.Civ.P 4(c) states -in relevant part- that the summons and complaint must be served, the rule is silent as to exhibits which are only reference materials [provided to defendants via electronic filing]. Defendants should have contacted counsel or referred to the court docket where they were filed and defendants indeed had received electronic filing service.

8. A party filing a motion under Fed. R. Civ. P. 12(b)(5) is essentially contesting the manner in which process of service was performed. A motion filed under said provision addresses, in particular, the delivery or the lack of delivery of the summons and the complaint. The party raising the insufficiency of service has, in turn, **the absolute burden of specifically establishing to the court how the plaintiff failed to satisfy the requirements of the service provision utilized**. Fed. R. Civ. P. 12(b)(5), however, provides the court an alternate course of action rather than simply dismissing the case when defendants' objection is raised. Hence, instead, a great number of motions requesting dismissal filed under Rule 12(b)(5) are often treated as motions to quash service of process. [Ramirez de Arellano v. Colloides Naturels Int'l, 236 F.R.D. 83 (D.P.R. 2006)](). In the instant case it is undisputed that defendant and his counsel received service of process through Local Rule 5 (b) (2) ["Notice of Electronic Filing generated by the Court's Electronic Case Filing System shall constitute the equivalent of service of the pleading or other paper on persons"]. This Local Rule of the Court satisfies Fed.R.Civ.P 4 (h)(1) *"any manner specifically authorized by federal law"* .

## CONCLUSION

9. Defendant motion is a dilatory tactic which ignores the fundamental order of the court instructing Plaintiff to serve the amended complaint. The service was accomplished via electronic filing generated by the courts electronic case filing system [within the original

time for service under Rule 4(m)] i.e 120 days, and actual service within two (2) days from the order of the court directing Plaintiffs to re-serve within Rule 4(m).

10. Service by way of Electronic Case filing, Local Rule 5 (b) (2), "Notice of Electronic Filing generated by the Court's Electronic Case Filing System shall constitutes the equivalent of service of the pleading or other paper on persons" establishes service of process as of July 9th 2009, as specifically authorize by Federal Law, well within the original 120 days even counting defendants motion for extensions of time.

11. Defendants conduct fails to support **the absolute burden of specifically establishing to the court how the plaintiff failed to satisfy the requirements of the service provision utilized.** The service of the amended complaint provides sufficient personal jurisdiction upon the defendants who received notice and service, of the amended complaint, by way of personal service, and notice of the amended complaint and the exhibit via electronic filing under Local Rule 5(b)(2).

12. Defendants' failure to account for their own time extensions, sought and granted by the court, is indicative of defendants' dilatory practices.

**WHEREFORE** the defendants' motion to dismiss must be denied violative of this court's order docket on #29, as violative of the sprit of Fed.R.Civ.P Rule 4, as violative of Local Rule 5(b)(2). The defendants were served on July 9th 2009 by way of electronic filing, and pursuant Fed.R.Civ.P Rule 4 to the state published designated agent on July 17th 2009, defendants received extensions cannot be imputed plaintiff.

Respectfully submitted,

*S/. Lorenzo J. Palomares Starbuck, Esq.*

Lorenzo J. Palomares-Starbuck, Esq.
U.S.D.C. #218017
Lorenzo Palomares-Starbuck, P.S.C.
Attorneys & Counselors at Law
421 Ave Munoz Rivera, Midtown Bld,
Penthouse Suite 1001,
San Juan, P.R. 00918
Tel (787) 753-7441
Fax (787) 622-2540
Palolaw@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the instant motion was filed using the CM/ECF electronic case management system which will send a copy to all counsels of record.

*S/. Lorenzo J. Palomares Starbuck, Esq.*
Lorenzo J. Palomares-Starbuck, Esq.