IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PANAMERICAN TELEPHONE CO., INC., ET AL, <br><br> Plaintiffs <br><br> v. <br><br> MUNICIPALITY OF SAN JUAN, ET AL, <br><br> Defendants | CIVIL NO. 09-1256 (ADC) |

**REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO RULE 12(b)(2) AND (5) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENCY OF SERVICE OF PROCESS**

COME NOW the Municipality of San Juan and its Mayor, the Honorable Jorge Santini (the "Appearing Defendants"), without submitting to the jurisdiction of this Court, and through the undersigned counsel who specially appears for the sole purposes of filing this reply to the plaintiffs' opposition to the Appearing Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) and (5) for lack of personal jurisdiction and insufficient service of process (the "Reply") and respectfully STATE, ALLEGE, and PRAY as follows:

On August 5, 2009 the Appearing Defendants filed a motion to dismiss (Docket No. 52) based on the plaintiffs' attempted but ineffective service of process on the Municipality of San Juan and Mayor Santini on July 15, 2009. In the motion to dismiss (Docket No. 52) at pp. 3, 5-7, the Appearing Defendants briefed why the attempted service of process on them on July 15, 2009[1] was defective since plaintiffs' attempted service was made 123 days after this case was initiated on March 14, 2009 (Docket No. 1) **and 3 days after expiration of the 120 day time**

---

[1] See August 4, 2009 Unsworn Statement Under Penalty of Perjury of Daisy Figueroa at ¶¶3-5, which was attached as Exhibit 1 to the August 5, 2009 Motion to Dismiss and the documents contained in Exhibit A attached to the August 4, 2009 Unsworn Statement and submitted along with the August 4, 2009 Unsworn Statement.

**limit for serving process set forth by Fed.R.Civ.P. 12(m).**[2] An alternate reason in support of dismissal briefed in the motion to dismiss is that the Appearing Defendants were not served with a valid and complete version of the complaint on July 15, 2009, since the copy of the document left with Ms. Daisy Figueroa on that date which stated on the upper right side of the front page that it was the "Verified Amended Complaint" in Case No. 09-CV-1256 (ADC), consisted of only 16 pages with the last page indicating "Exhibits", and two other pages which were not exhibits but such document did not have any exhibits attached to it nor was any such exhibits otherwise served on either defendant Mayor Santini or defendant Municipality of San Juan on July 15, 2009.[3] Based on either of these two alternate grounds, the Appearing Defendants sought dismissal since not having been validly served with summons of process by plaintiffs, the Court has never secured personal jurisdiction over them.

Plaintiffs opposed the motion to dismiss on August 8, 2009 (Docket No. 53)(the "Opposition"). Plaintiffs' Opposition reveals a fundamental misunderstanding of the relevant governing legal principles and ignores the well-settled principle that counsel's ignorance of the governing law does not constitute excusable neglect or good cause for extending the 120 day deadline once expired. Contrary to plaintiffs' unsupported claim at pages 4 and 5 of the Opposition that the Appearing Defendant have the absolute burden of establishing to the court how plaintiffs failed to validly serve process, which claim is not

---

[2] Fed.R.Civ.P. 12(m) states in relevant part: "If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time." As of today, it has been 139 days since this case was initiated on March 14, 2009, and valid service of process has still not been made despite the fact that we are 19 days past the expiration of the 120 day deadline for validly serving process which is contained in Fed.R.Civ.P. 12(m). Moreover, plaintiffs have never even requested the Court to extend the period for service of process.

[3] See August 4, 2009 Unsworn Statement Under Penalty of Perjury of Daisy Figueroa at ¶¶3-5, which was attached as Exhibit 1 to the August 5, 2009 Motion to Dismiss and the documents contained in Exhibit A which were attached to the August 4, 2009 Unsworn Statement and were submitted with the August 4, 2009 Unsworn Statement.

accompanied by any citation of legal authority as a basis therefore, under governing precedent the burden is clearly placed on plaintiffs to show that they obtained personal jurisdiction over the defendants once personal jurisdiction has been challenged.

The Appearing Defendants in their August 5, 2009 motion to dismiss, supported by an unsworn statement under penalty of perjury of Daisy Figueroa, challenged the validity of the alleged service of process on the Appearing Defendants on July 15, 2009 as being ineffective service due to Plaintiffs' failure to serve valid process on the Appearing Defendants within the 120 day period required by Fed.R.Civ.P. 4(m) and Plaintiffs' failure to serve the Appearing Defendants with a complete copy of the complaint on July 15, 2009 resulting in the consequence that such incomplete document cannot be considered a valid pleading under Fed.R.Civ.P. 10(c) and authority interpreting the same.[4]

Under such circumstances once personal jurisdiction is challenged, "the burden of proving jurisdiction rests with the party asserting the affirmative of the proposition, …" *Donatelli v. National Hockey League*, 893 F.2d 459, 468 (1st Cir. 1990)(internal citations omitted). *Accord Lopez v. Dorado*, 979 F.2d 885, 887 (1st Cir. 1992); *Macamaux v. Millard*, 2009 U.S. Dist. LEXIS 6495 at pp. *4-*5 (D.R.I. Jan. 28, 2009)("The plaintiff bears the burden of proving that the Court has personal jurisdiction over the defendants."); *Taylor v. Gearan*, 979 F.Supp. 1, 5 (D.D.C. 1997); and *Castro v. N.Y. City Bd. of Ed.*, 787 F.Supp. 26, 29 (D.P.R. 1992)("[P]laintiff bears the burden of proving the essential facts justifying the court's *in personam* jurisdiction over the defendant when such jurisdiction is

---

[4] Pursuant to Fed.R.Civ.P. 10(c) "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.". Thus, [s]ince Rule 10(c) makes exhibits to a pleading a part of its for all purposes, the defendant also must be provided with copies of all exhibits to the plaintiff's complaint." See 4 A Wright, Miller and Kane, Federal Practice and Procedure, Civ. 3d §1093.

contested.")(internal citations omitted), *affirmed*, 972 F.2d 337 (1st Cir. 1992), *cert. denied*, 506 U.S. 909 (1992).

Applicable precedent specifically holds that Plaintiffs bear the "burden of proof to establish proper service of process". *Saez Rivera v. Nissan Manufacturing Co.*, 788 F.2d 819, 821 n.2 (1st Cir. 1986)(internal citations omitted). *Accord Fredyma v. Massachusetts*, 1992 U.S. App. LEXIS 28770 at p.*10 (1st Cir. May 12, 1992)(unpublished opinion); *Oriental M.S. Corp. v. One Sources, Inc.,* 2005 U.S. Dist. LEXIS 37911 at p.*15 (D.P.R. Sept. 1, 2005); *Lyon v. Jones*, 168 F.Supp.2d 1, 4 (D.Conn. 2001)("Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate."); *Cross v. City of Grand Prairie*, 1998 U.S. Dist. LEXIS 3477 at p.*17 (N.D.Tex. March 17, 1998)("[T]he burden of adducing facts and arguments that would establish the validity of service rests with the Plaintiff."); *O'Meara v. New Orleans Legal Assistance Corp.*, 1991 U.S. Dist. LEXIS 8137 at p.*10 (E.D.La. June 10, 1991); and *Neely v. Eshelman*, 507 F.Supp. 78, 80 (E.D.Pa. 1981). Plaintiffs have absolutely failed to meet their burden here.

What is telling is that in the Opposition plaintiffs do not even contest the two most critical factors set forth in the motion to dismiss, which are supported by the attached unsworn statement under penalty of perjury of Daisy Figueroa, as to why this action should be dismissed: specifically (1) plaintiffs do not deny, as they cannot, that their effort to serve process on July 15, 2009, was attempted outside the 120 day period required under Fed.R.Civ.P. 4(m) for service of process – *and plaintiffs do not claim to have requested from the Court and in fact never requested an extension of time to complete service of process prior to the expiration of such 120 day period* – and; (2) that the process server on July 15, 2009 did not serve either of the Appearing Defendants with a complete copy of the complaint with all exhibits referenced therein

4

attached. Plaintiffs instead rest their Opposition on several erroneous assertions of law which can not ward off granting the motion to dismiss.

The first assertion at pages 2-5 is that Fed.R.Civ.P. 12(b) somehow tolls, or carves out of the 120 day period of Fed.R.Civ.P. 4(m) for plaintiffs to serve process, the time that a motion to dismiss is pending. Nothing in the language of Fed.R.Civ.P. 12(b) supports plaintiffs' claim regarding this matter and plaintiffs provide no other support for such assertion, which they seem to have manufactured out of thin air. Rather the terms of Fed.R.Civ.P. 4(m) are crystal clear and unambiguous that, "If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Defendants briefed a substantial amount of legal precedent on pages 6-7 as to how the 120 day period is to be calculated under the Federal Rules and as to why plaintiffs' carelessness in observing these principles or their ignorance of the consequences of the same are not sufficient grounds to constitute good cause under Fed.R.Civ.P. 4(m) to extend the 120 day period. None of this legal authority was contested by plaintiffs or even addressed at all in the opposition.

The 120 day period of Fed.R.Civ.P. 4(m) means exactly what is says, **120 days,** and expired on July 12, 2009 without plaintiffs having made any attempt to establish good cause to request that it be extended prior to its expiration. Any attempt by plaintiffs to serve process after July 12, 2009 without having requested and received leave of the Court to do so was a legal nullity and can not and did not bring defendants into the personal jurisdiction of the Court.

Not having been able to establish that the July 15, 2009 attempted service of process was legally valid service, plaintiffs' fall-back position is that "[p]ursuant to Local Rule 5(b) (2)

'Notice of Electronic Filing generated by the Court's Electronic Case Filing System shall constitute the equivalent of service of the pleading or other paper on persons". See Opposition (Docket 53) at p. 2; and at pp. 3-5 of the Opposition where such contention is repeated. Putting aside first that there is no Local Rule 5(b)(2) in the Local Civil Rules and that plaintiffs ostensibly meant to reference Local Civil Rule 5.1(b)(2) instead, Local Civil Rule 5.1 actually confirms in unambiguous terms that what plaintiffs claim was valid service of process was impermissible.

Local Civil Rule 5.1(f) states the following:

"**(f)** **Service of Process** Electronic service shall not be used for service of process." (emphasis in original) In light of the above, it is certainly not true as claimed by plaintiffs in the Opposition at p.4 that, "[i]n the instant case it is undisputed that defendant and his counsel requested service of process through Local Rule 5 (b) (2) ['Notice of Electronic Filing generated by the Court's Electronic Case Filing System shall constitute the equivalent of service of the pleading or other paper on persons']."[5] Rather the contrary is beyond dispute, that under the terms of Local Civil Rule 5.1(f) the attempt of plaintiffs to serve process on the defendants solely by filing a document entitled "AMENDED COMPLAINT" with the Court which they claim constitutes service on defendants can not constitute valid service of process on defendants.

Plaintiffs have clearly failed to serve the Appearing Defendants with valid service of process within the 120 day period that it was required to do so in by Fed.R.Civ.P. 12(m). Plaintiffs have shown no good cause or excusable neglect for their failure to do so. Even now 19

---

[5] It is clear from the history of the case that this argument is nothing more than a post hoc rationalization created by plaintiffs once they realized after receiving the August 8, 2009 motion to dismiss (Docket No. 52) the invalidity of their attempt to serve process on the Appearing Defendants on July 15, 2009. If plaintiffs actually believed they had accomplished valid service of process on defendants on July 9, 2009, then why would they have still tried to serve process on the Appearing Defendants **by means of a process server six days later**? The only reasonable explanation for plaintiffs' conduct in trying to serve process on the Defendants on July 15, 2009 is their knowledge that the mere filing of a complaint by means of the CM/ECF system did not constitute valid service of process on the Appearing Defendants and that their prior efforts to serve process on defendants were not valid either.

days after such 120 day period has expired, plaintiffs have not even requested the Court to extend the period for making service. Moreover the failure of plaintiffs to serve the correct version of the complaint versus inoperative versions or complete copies of the right complaint has resulted in unnecessary motion practice and a waste of the parties' and the Court's time and resources on something that should have been resolved with basic diligence and attention to detail. The fact that even after defendants had twice sought dismissal for failure to validly serve process on them, plaintiffs did not take the time and effort to perfect the July 15, 2009 attempted service of process should be considered the last straw. Since in the Opposition plaintiffs have put forward no legitimate reasons why the motion to dismiss should not be granted, the Court should dismiss this action.

**WHEREFORE,** the Appearing Defendants respectfully request that for the reasons briefed above and within the August 5, 2009 motion to dismiss, the Court must find that Plaintiffs' attempted service of process on the Appearing Defendants on July 15, 2009, which was done outside of the 120 day period for service of process required by Fed.R.Civ.P. 4(m) and during which time plaintiffs did not serve defendants with a complete copy of the operative complaint anyway, is not valid service of process and dismiss this action.

**I HEREBY CERTIFY** that on this same date this document was filed electronically through the CM/ECF system which will send notification to the parties to their registered email addresses.

Respectfully submitted in San Juan, Puerto Rico, this 21st day of August, 2009.

**S/ Eliezer Aldarondo Ortiz**
Eliezer Aldarondo Ortiz
USDC-PR No. 125402
e-mail: alb@alblegal.net

**S/*Michael Craig McCall***
Michael Craig McCall
USDC-PR No. 210412
E-mail: michaelm@caribe.net
mmccall@alblegal.net

**ALDARONDO & LÓPEZ BRAS**
ALB Plaza, Suite 400, #16 Carr.199
Guaynabo, Puerto Rico 00969
Tel. 787-474-5447/Fax 787-474-5451
**Attorneys for Defendants**